```
UNITED STATES DISTRICT COURT
   NORTHERN DISTRICT OF ILLINOIS
         EASTERN DIVISION
```

| | |
|---|---|
| JOSE FLORES,           ) | |
|                        ) | No. 13 CV 2521 |
|         Plaintiff,     ) | |
|                        ) | |
|   v.                   ) | Magistrate Judge Young B. Kim |
|                        ) | |
| CAROLYN COLVIN, Acting ) | |
| Commissioner, Social Security ) | |
| Administration,        ) | |
|                        ) | September 25, 2014 |
|         Defendant.     ) | |

**MEMORANDUM OPINION and ORDER**

Before the court is Plaintiff Jose Flores's motion for fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §§ 2412(a),(d). Flores argues that he is entitled to $12,953.68 in fees as a prevailing party under EAJA. The motion for fees is granted for the following reasons:

**Background**

In November 2009 Flores applied for disability insurance benefits pursuant to sections 216(i) and 223(d) of the Social Security Act, alleging that he became disabled in July 2008 as a result of depression, multiple sclerosis, degenerative disc disease, and "hand problems." (R. 19, Pl.'s Br. at 1.) The Commissioner denied Flores's claims initially and on reconsideration. (Id.) After Flores requested and received a hearing before an administrative law judge ("ALJ"), the ALJ issued a decision on October 28, 2011, finding Flores not disabled. (Id.) On April 4, 2013, Flores filed this action for review of the Commissioner's final decision, and the

parties subsequently consented to the jurisdiction of this court. (R. 1, 6.) On July 21, 2014, the Commissioner moved for, and this court granted, entry of an agreed judgment reversing the Commissioner's decision with remand for further administrative proceedings. (R. 29, 31.)

Flores now seeks an award of $12,953.68[1] in attorney and legal assistant fees under EAJA. This requested award is based on an hourly attorney rate of $188 billed primarily in the month of September 2013. (R. 33-3, EAJA Itemization of Time.) The Commissioner does not contest Flores's entitlement to recover fees or costs, but she contends that both the hourly rate charged and the number of hours worked are excessive and should be reduced. (R. 26, Govt.'s Resp. at 3-5.) Additionally, the Commissioner argues that any EAJA award should be granted as payable directly to Flores, not to his attorney, pending confirmation that Flores does not owe a pre-existing debt to the government. (Id. at 5-8.)

## Analysis

Pursuant to EAJA, an award of attorney fees "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii); *Bias v. Astrue*, No. 11 CV 2247, 2013 WL 615804, at *1

---

[1] Flores initially sought $12,540.08 in fees, representing 66.1 hours of attorney work and 1.2 hours of legal assistant work. (R. 33, Pl.'s Mot. ¶ 10.) In his reply, Flores seeks an additional $413.60 in fees, representing an additional 2.2 hours of attorney work on the reply brief, for a new total of $12,953.68. (R. 37, Pl.'s Reply at 5.)

(N.D. Ill. Feb. 15, 2013). In 2008 the Seventh Circuit recognized that "given the passage of time since the establishment of the hourly rate, a cost-of-living adjustment is warranted." *Tchemkou v. Mukasey*, 517 F.3d 506, 512 (7th Cir. 2008). EAJA does not automatically entitle an attorney to a cost-of-living adjustment, however, and an adjustment is not presumed despite the fact that the $125 cap rate was set more than 18 years ago in March 1996. *See Mathews-Sheets v. Astrue,* 653 F.3d 560, 563 (7th Cir. 2011). As the Seventh Circuit explained in *Mathews-Sheets,* "[i]nflation affects different markets, and different costs in the same market, in different ways," such that a lawyer seeking an adjustment because of an increase in the cost of living must show that "inflation has increased the cost of providing adequate legal service to the person seeking relief against the government." *Id*. However, "[t]he *Mathews–Sheets* court did not describe any particular method or manner by which a lawyer might demonstrate that inflation has increased the cost of legal services to persons seeking redress against the government." *Shipley v. Astrue,* No. 10 CV 1311, 2012 WL 1898867, at *3 (S.D. Ill. May 23, 2012). This absence of guidance has led to numerous interpretations of what a litigant must prove when seeking a cost of living increase under EAJA.

In *Mireles v. Astrue*, No. 10 CV 6947, 2012 WL 4853065 (N.D. Ill. Oct. 11, 2012), the court evaluated *Mathews-Sheets* within the same context as presented in this case and made the following determination:

> *Mathews-Sheets* is best read to require a litigant seeking a cost of living increase under the EAJA to establish two things: (1) that the cost of living in the region has indeed increased to the degree of his requested adjustment, and (2) that his attorney's costs of providing

3

legal services have increased in a manner that tends to show that inflation has indeed raised those costs. Both showings are necessary because general inflation might not raise the particular costs of running a law office, while a particular attorney's increased costs might be attributable to factors other than inflation, such as the attorney's decision to move to a nicer office or to buy more expensive office supplies.

*Id*. at \*3. Other courts in this district have reached the same conclusion. *See Claiborne ex rel. L.D. v. Astrue,* 877 F.Supp.2d 622, 626-28 (N.D. Ill. 2012); *Booker v. Colvin,* No. 09 CV 1996, 2013 WL 2147544, at \*6 (N.D. Ill. May 16, 2013); *Dewolf v. Astrue*, No. 11 CV 2043, 2012 WL 3260420, at \*2-3 (N.D. Ill. Aug. 8, 2012). This court also adopts the reasoning set forth in *Mireles* and likewise applies the two-part analysis.

With this standard in mind, the court turns to the fee request. Flores supports his requested hourly attorney rate of $188 by attaching cost-of-living calculations based upon the "all items" portion of the Consumer Price Index – All Urban Consumers ("CPI-U").[2] (R. 33-1.) To further satisfy *Mathews-Sheets's* directive for additional information proving that inflation has increased the attorney's cost of providing legal services, Flores alleges that his attorney has incurred additional expenses in the form of rent increases (at least 3% annually),

---

[2] Although Flores attached an outdated version of the CPI-U to his motion and does not explain how he arrived at the $188 hourly rate, the court presumes that Flores calculated the rate by taking the current CPI-U data value for September 2013 (234.149), which he obtained from the Bureau of Labor Statistics, divided that number by the same index value for March 1996 (155.7), then multiplied the result by $125 per hour. *See CPI Detailed Report: Data for June 2014*, Bureau of Labor and Statistics, 72, http://www.bls.gov/cpi/cpid1406.pdf (last visited Sept. 19, 2014); *see also Russell v. Astrue*, No. 09 CV 5702, 2014 WL 1301942, at \*3 (N.D. Ill. Mar. 31, 2014) (applying this formula and noting that such calculations "are based on standards that are well recognized in this circuit").

4

employee salaries (ranging from 3-5% annually), and health insurance premiums (100% since 1996), among other things. (R. 33, Pl.'s Mot. ¶ 16.) Flores's attorney, Barry Schultz, avers that he charged a non-contingency hourly rate of $180 in 1996, whereas today he charges $300 per hour and his associates charge $200 per hour.[3] (Id. ¶ 14.)

Flores has also provided affidavits from six attorneys licensed to practice in the State of Illinois, all of whom represent clients seeking Social Security disability benefits, and all of whom testify that they charge hourly rates ranging from $165 to $550 per hour. (R. 33-4, 5, 6, 7, 8, 9.) One of these attorneys testified that he knows of no attorney who would represent a Social Security client in federal court for less than an adjusted-for-inflation fee under EAJA. (R. 33-4.) Finally, Flores points out that even the Commissioner recognized that an increase in the cost of living warranted increasing the maximum fees an attorney could charge and receive under the agency's fee approval process. (See R. 33, Pl.'s Mot. ¶ 17 (noting that in 1996, the agency set the maximum fee agreement limit at $4,000, but in 2009 the agency raised the fee agreement approval limit to $6,000).)

The Commissioner counters that Flores errs to the extent he relies on the CPI-U to justify his attorney's hourly rate and that the court should apply the regional Chicago area CPI instead. (R. 36, Govt.'s Resp. at 3-4.) Pursuant to the Chicago CPI, the Commissioner argues that Flores's attorney is only entitled to a

---

[3] Flores also cites to a national survey of average law firm billing rates which he designates as "Exhibit J," but because the survey was not attached to Flores's motion, the court did not consider the survey results in reaching its decision.

5

billable rate of $179.94 per hour. (Id. at 4.) Flores argues in his reply that courts in this circuit have frequently relied on the national CPI and that it is appropriate to do so in this case. (R. 37, Pl.'s Reply at 2.)

This court has previously held that the CPI-U is an appropriate index by which to show that the cost of living in this region has indeed increased to the degree of the requested adjustment. *See Cobb v. Colvin*, No. 11 CV 8847, 2013 WL 1787494, at *2 (N.D. Ill. Apr. 25, 2013) (approving fee calculation of $184.75 per hour based on the CPI-U); *see also Bias*, 2013 WL 615804, at *2 (approving fee calculation of $181.25 per hour based on the CPI-U "all items" index); *Hamrick v. Astrue*, No. 09 CV 179, 2010 WL 3862464, at *3 (N.D. Ind. Sept. 27, 2010) ("[I]t appears that district courts in the Seventh Circuit have permitted the use of either the national or regional index, provided that plaintiff's counsel justifies the increased rate that he seeks."). As such, this court agrees that Flores may use the national CPI to show that the cost of living in this region has indeed increased to the degree of the requested adjustment.

In light of Flores's proffered evidence, this court finds that inflation has increased the prevailing market rate for legal work compensable under EAJA. *See Suess v. Colvin*, No. 11 CV 4090, 2013 WL 5304094, at *2 (N.D. Ill. Sept. 18, 2013) (noting that other courts within this district have analyzed the same arguments and "have found that similar supporting evidence justifies an inflation adjustment to the EAJA hourly rate"); *Booker*, 2013 WL 2147544, at *7-8 (analyzing similar supporting arguments and awarding an enhanced hourly rate). Furthermore, the

court is satisfied that the fee request of $188 per hour adequately reflects the inflationary effect upon Attorney Schultz's hourly rate. *See Sommer v. Colvin*, No. 11 CV 50318, 2014 WL 3866254, at *3-4 (N.D. Ill. Aug. 6, 2014) (granting attorney's rate of $186.89 per hour for work performed in 2014 under EAJA); *Starks v. Colvin*, No. 12 CV 6124, 2014 WL 4068636, at *2 (N.D. Ill. Aug. 18, 2014) (granting attorney's rate of $184.38 per hour under EAJA).

Nor does the court find any merit in the Commissioner's next argument—that the amount of time spent on the case was excessive given its "routine" nature and the lead attorney's "extensive experience in litigating Social Security disability cases[.]" (R. 36, Govt.'s Resp. at 4-5.) The Commissioner does not point to a single line item or category of work that is excessive, nor does the Commissioner refer to an objective standard to support her argument. *See Starks*, 2013 WL 615804, at *3 ("Without reference to an objective standard or rationale, a conclusion on the reasonability of attorney's fees would be 'arbitrary.'" (citing *Tchemkou*, 517 F.3d at 511)). The court may not reduce the number of hours absent a clear indication of why the reduction is necessary. *See Smith v. Great Am. Rests., Inc.,* 969 F.2d 430, 439 (7th Cir. 1992) (noting that in fee award cases, "the district court may not arbitrarily reduce the number of hours requested; if it reduces hours it should provide a 'concise but clear explanation'"). Because the Commissioner did not provide any specific rationale for why Flores's claimed hours are unreasonable, the court will not reduce the requested hours here.

7

Furthermore, although Social Security cases follow the same five-step analysis, each case involves unique medical facts and a rather labor-intensive study of the administrative record. *See Suess*, 2013 WL 5304094, at *4. Given the rather voluminous 618-page administrative record here, *see Bryan v. Astrue*, No. 08 CV 5472, 2010 WL 438384, at *2 (N.D. Ill. Feb. 8, 2010) (finding a 403-page record "rather large"), and the time Flores's attorneys had to spend removing documents from a prior claim that did not belong in the record, the court does not consider the roughly 45 hours spent on drafting the initial brief, or the 68.3 total hours spent on this case, to be excessive. *See Sturdivant v. Colvin*, No. 12 CV 8186, 2014 WL 1557639, at *3 (N.D. Ill. Apr. 18, 2014) (awarding fees for 68.3 billed hours for a total of $12,763.24); *Garcia v. Colvin*, No. 11 CV 165, 2013 WL 1343662, at *2 (N.D. Ind. Apr. 3, 2013) (upholding 61.3 hours spent on claimant's appeal).

Finally, the Commissioner argues that any EAJA award should be granted as payable directly to Flores, not to his attorney, pending confirmation that he does not owe a pre-existing debt to the government. (R. 36, Govt.'s Resp. at 5-6.) Flores does not object to this point. (R. 37, Pl.'s Reply at 4-5.) As such, the award will initially be payable to Flores pending confirmation that he owes no pre-existing debt to the government, at which point the award will then convert to being payable to his attorney.

8

## Conclusion

For the foregoing reasons, Flores's motion for an award of fees and costs is granted in the amount of $12,953.68.

**ENTER:**

_____
**Young B. Kim
United States Magistrate Judge**